W. H. SAME & SONS *v*. SCOTT.

[No. 15,103.   Filed December 18, 1933.]

*H. W. Phipps* and *L. A. Douglass,* for appellant.

*Ellis Deibel* and *John L. Kilgarriff,* for appellee.

CURTIS, J.—This is an appeal from an award of the full Industrial Board of Indiana. The finding and award, omitting formal parts, are as follows: "And the full Industrial Board having heard the argument of counsel, considered the record and reviewed the evidence in the within cause, now find that the plaintiff, Hassel Scott, was in the employ of the defendant on the 21st day of November, 1930, at an average weekly wage of $18.00 per week, and on that date received a personal injury by reason of an accident arising out of and in the course of his employment and that on the 13th day of December, 1930, the parties executed a compensation agreement wherein it was agreed that the average weekly wage of the plaintiff was $18.00 per week and that he should receive compensation at the rate of $9.90 per week, during total disability, not exceeding the period fixed by law, beginning on the 28th day of November, 1930; that the employer should pay the necessary and reasonable surgical, medical and hospital expenses of the employee for thirty days after the accident: This agreement was approved by the Industrial Board on the 18th day of December, 1930, and under the terms of said agreement compensation payments were made and that on the 11th day of April, 1932, the parties entered into a supplemental agreement wherein it was agreed that the employer should pay compensation to the plaintiff at the rate of $9.90 per week for a period not exceeding 200 weeks or for 135 weeks, beginning on the 25th day of February, 1932. This agreement was approved by the Industrial Board of Indiana, on April 13, 1932, and that under the terms of said agreement compensation payments were made up to and including January 5, 1933, and on January 6, 1933,

compensation payments under said agreement, ceased, and that on February 20, 1933, the Clark Circuit Court rendered judgment against the defendants in said cause in accordance with the terms of a certified copy of the agreement between said defendant and plaintiff, which agreement was approved by the Industrial Board of Indiana on the 13th day of April, 1932, and that thereafter, and on May 9, 1933, the defendants herein, Wm. H. Same & Sons, filed with the Industrial Board of Indiana, their application to have the agreement which was entered into by the parties on the 11th day of April, 1932, set aside, declared void and held for naught.

"And the board now finds for the plaintiff on the defendants' application filed with the Industrial Board of Indiana on May 9, 1933.

ORDER.

"It is therefore considered and ordered by the Industrial Board of Indiana, that defendants' application filed with the Industrial Board of Indiana, on May 9, 1933, is hereby denied and that the defendant take nothing by its application filed on said date of May 9, 1933, and pay the costs of this proceeding."

From the above award the appellant prayed and perfected this appeal, assigning as error that the award of the full board is contrary to law. This assignment presents the questions as to the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts, requiring of us an examination of the record.

We have read the record carefully and it is our opinion that the facts found fully sustain the award and that there was ample evidence before the board sustaining the finding of facts.

The award is affirmed with the usual statutory penalty.